```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

TAMMY JONES, an individual,

    Plaintiff,

v.                          Case No: 2:25-cv-211-JES-NPM

HOGAN SERVICES, INC., a
Missouri corporation,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Final Default Judgment (Doc. #11) filed on August 7, 2025. No response has been filed, and the time to respond has expired. Subject matter jurisdiction is premised on the presence of a federal question, the Americans with Disabilities Act (ADA). 28 U.S.C. § 1331.

*I.*

On March 13, 2025, plaintiff Tammy Jones (plaintiff) filed a Complaint (Doc. #1) under the ADA for disability discrimination and retaliation against her employer Hogan Services, Inc. (defendant or Hogan Services). Plaintiff resides in Lee County, Florida, and worked primarily in Lee County, Florida, for Hogan Services, a Missouri corporation having more than 15 employees. Plaintiff received her Notice of Right to Sue letter from the Equal Employment Opportunity Commission (EEOC) on December 23, 2024, and

the Complaint was timely filed.  In Count I, plaintiff alleges a violation of the ADA, and in Count II plaintiff alleges retaliation under the ADA.  In the Complaint, plaintiff seeks back pay and other benefits, front pay, reimbursement of expenses, attorney's fees and costs, punitive damages, and compensatory damages.

On June 6, 2025, service was executed on defendant Hogan Services.  (Doc. #8.)  After service of process, and finding no appearance by defendant, plaintiff filed a Motion for Clerk's Default (Doc. #9) pursuant to Fed. R. Civ. P. 55(a).  A Clerk's Entry of Default (Doc. #10) was issued on July 15, 2025, pursuant to Fed. R. Civ. P. 55(a).

"The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court.  Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered."  GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citing Nishimatsu Construction v. Houston National Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975)).  A complaint must state a claim in order for default judgment to be granted.  Id.  The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.  When a default judgment occurs, a defendant admits the plaintiff's well-pled allegations of fact.  If liability is well pled, it is established

by virtue of a default judgment. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

## II.

**1. Count I – Disability Discrimination**

Under the ADA, "[n]o covered entity[1] shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "To establish a *prima facie* case for disability discrimination, a plaintiff must produce sufficient evidence to permit a jury to find that she: (1) is disabled, (2) is a qualified individual, and (3) was discriminated against because of her disability." Lewis v. City of Union City, Georgia, 934 F.3d 1169, 1179 (11th Cir. 2019) (citations omitted).

Plaintiff began her employment in September 2022, as an operations Manager, and was qualified for the position. Plaintiff performed her assigned duties and received successful performance reviews until she continued to request accommodations due to her status as a qualified person with a disability, cancer. (Doc. #1 at ¶¶ 7-9.)

---

[1] A "covered entity" includes an employer "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year…." 42 U.S.C. § 12111(2), (5)(A).

Defendant started treating plaintiff negatively, calling her "chemo brain", demoting her, and threatening her with termination because of her disability status. Plaintiff's impairments impact her ability to perform major life activities, such as thinking and working. Plaintiff has a history of these impairments that limit major bodily functions and several major life activities. (Id. at 10-12.)

In Count I, plaintiff states that she is an individual with a disability with impairments that substantially limit one or more major life activity and bodily function, she has a record of the impairment and is regarded as having the impairment. Plaintiff is a qualified individual who, with a reasonable accommodation, could perform the essential functions of her job as an employee of Hogan Services. Defendant discriminated against plaintiff who suffered negative employment action as a direct and proximate cause of the violations of the ADA. (Id. at 18-30.)

The term "disability" includes a "physical or mental impairment", a record of the impairment and being regarded as having an impairment, 42 U.S.C. § 12102(1), but "[t]he definition does not set forth a list of specific diseases and conditions that constitute physical or mental impairments because of the difficulty of ensuring the comprehensiveness of any such list. The term includes, however, such diseases and conditions as … cancer…," 45 C.F.R. § Pt. 84, App. A. "The term 'qualified individual'

means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Clearly, calling plaintiff "chemo brain" and terminating her supports a finding that she was discriminated against because of her disability. Default judgment will be granted as to Count I.

**2. Count II - Retaliation**

Under the ADA, no person shall discriminate "against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). "To prevail on her ADA retaliation claim, Plaintiff must show that: (1) she engaged in a statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was a causal link between the two." Frazier-White v. Gee, 818 F.3d 1249, 1258 (11th Cir. 2016) (citing Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1260 (11th Cir. 2001)). The first element can be established by showing a request for a reasonable accommodation. Id.

Plaintiff alleges that on or about May 14, 2024, she made a formal complaint and participated in a meeting to complain of disability-based harassment and discrimination. Three weeks later, plaintiff was placed on a performance improvement plan

against her objection stating that she needed a reasonable accommodation. Defendant terminated plaintiff on or about June 18, 2024. (Doc. #1 at 13-15.) In Count II, plaintiff states that she engaged in statutorily protected activity, defendant retaliated by altering the terms and conditions of her employment by terminating her, and the protected activity was the proximate cause of the change in plaintiff's working conditions, discipline, and termination. As a direct and proximate result of the violations of the ADA, plaintiff suffered damages. (Id. at 33-39.)

Accepting the well-pled allegations, plaintiff states that she engaged in a statutorily protected expression, that she suffered an adverse employment action, and that her request for a reasonable accommodation was the cause of her termination. A default judgment will be granted as to Count II.

**3. Damages**

"It is the duty of the district court, after a finding of discrimination, to place the injured party in the position he or she would have been absent the discriminatory actions." Nord v. U.S. Steel Corp., 758 F.2d 1462, 1470 (11th Cir. 1985). Upon a finding of intentional discrimination, the Court may order "reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful

employment practice), or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable." 42 U.S.C. § 2000e-5(g)(1).

"Back pay is generally calculated from the date of the adverse employment action until the date of judgment" and is "subject to a good-faith effort to mitigate damages." Orrand v. TCF Elec., LLC, No. 8:23-CV-2338-TPB-SPF, 2024 WL 3640454, at *3 (M.D. Fla. July 9, 2024), report and recommendation adopted, No. 8:23-CV-2338-TPB-SPF, 2024 WL 3638001 (M.D. Fla. Aug. 2, 2024) (citations omitted). By Declaration, plaintiff states that she worked as Operations Manager for Hogan Services at an annual salary of $75,000. In August 2023, she was demoted to Fleet Manager and her salary was reduced to $70,000, annually. Plaintiff was terminated on June 18, 2024. Plaintiff estimates her backpay from termination through August 6, 2025, at a weekly pay rate of $1,346.15 per week, is $79,422.85, for 59 weeks. Plaintiff has searched for work since her termination but has been unable to secure employment due to the specialized nature of her role in the transportation industry. Plaintiff has earned income from various sources with gig work or part-time work for a total of $15,112.75.

- 7 -

(Doc. #11-1.)  Having mitigated her damages, plaintiff seeks the difference of $64,310.10, plus the additional weeks since the filing of the motion through the date of this Order, adding $4,038.45 for the three weeks since the filing of the motion.

"[A] trial court may award a plaintiff front pay in lieu of reinstatement."  Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1339 (11th Cir. 1999) (collecting cases).  In light of the default judgment, the Court finds that front pay is appropriate. "Front pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement."  Armstrong v. Charlotte Cnty. Bd. of Cnty. Comm'rs, 273 F. Supp. 2d 1312, 1315 (M.D. Fla. 2003) (quoting Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846 (2001)). In lieu of reinstatement, plaintiff also seeks 26 weeks of front pay at the same weekly rate for a total of $34,999.90.  (Doc. #11, p. 13.)

Counsel also seeks to recover attorney fees, expenses, and costs.  For an action under the ADA, the Court may allow a prevailing party "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.  The Court finds that plaintiff is a prevailing party and finds that plaintiff is entitled to reasonable attorney fees, including litigation expenses and costs.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Final Default Judgment (Doc. #11) is **GRANTED** as follows: (A) back pay damages of $68,348.55 for the period June 18, 2024, through the present; and (B) front pay damages in the amount of $34,999.90.

2. The Clerk shall enter judgment accordingly in favor of plaintiff and against defendant, terminate all pending deadlines, and close the file.

3. Plaintiff shall file a supplemental motion as to the amount of attorney's fees, expenses and costs within **FORTY-FIVE (45) DAYS** of the entry of Judgment pursuant to M.D. Fla. R. 7.01(c).

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of September 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record