UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMMY JONES, an individual,

      Plaintiff,

v.                                Case No:  2:25-cv-211-JES-NPM

HOGAN SERVICES, INC., a
Missouri corporation,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Relief From Default Judgment (Doc. #18) filed on October 28, 2025. Plaintiff filed a Response (Doc. #20) on October 30, 2025. Defendant seeks to set aside the Clerk's Entry of Default (Doc. #10), the Opinion and Order (Doc. #12) granting a default judgment, and the Judgment (Doc. #13) awarding damages to plaintiff.  For the reasons set forth below, the motion is denied.

**I.**

On March 13, 2025, plaintiff Tammy Jones (plaintiff or Jones) filed a Complaint (Doc. #1) against defendant Hogan Services, Inc. (defendant or Hogan), a Missouri corporation, asserting discrimination and retaliation claims under the Americans with Disabilities Act (ADA).  On May 20, 2025, a Summons (Doc. #7) was

issued advising defendant that "[a] lawsuit has been filed against you"; that defendant must serve an answer or motion within twenty-one days of the service; and that if defendant failed to respond a default judgment would be entered against defendant for relief demanded in the complaint. (Id.) On June 6, 2025, the Summons, the Complaint, and what is often referred to as an EEOC Right to Sue letter were served in Missouri on the designated representative of defendant's registered agent. (Doc. #8.)

Nothing was filed by defendant in response, so on June 29, 2025, plaintiff moved for and was granted a default by the Clerk of the Court. (Docs. #9, #10.) On August 7, 2025, plaintiff filed a Motion for Final Default Judgment (Doc. #11) and serving the motion on defendant's registered agent. Defendant did not file a response to the Motion. On September 2, 2025, the Court issued an Opinion and Order (Doc. #12) granting a default judgment in favor of plaintiff for disability discrimination and retaliation. Plaintiff was found to be a prevailing party under 42 U.S.C. § 12205, and the Clerk was directed to enter judgment in favor of plaintiff. On September 4, 2025, Judgment (Doc. #13) was entered awarding back pay and front pay. Plaintiff thereafter filed a motion for attorney fees and costs (Doc. #15), which remains pending. On October 24, 2025, counsel for defendant filed

a Notice of Appearance. (Doc. #17.)  On October 28, 2025, counsel for defendant filed the current motion to set aside the default and the default judgment.

## II.

Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). All the requirements for a default were satisfied in this case, and the Clerk properly issued the Default.

Rule 55(b) provides two methods of obtaining a judgment where a default has been filed.  The Clerk of the Court is required to "enter judgment ... against a defendant who has been defaulted for not appearing," so long as "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).  Otherwise, Rule 55(b) requires plaintiff to "apply to the court for a default judgment," which may be entered against a party if certain conditions are met. Fed. R. Civ. P. 55(b)(2).  Here, the Court entered the Order directing entry of the default Judgment in compliance with Rule 55(b)(2).

Even though the default and the default judgment were properly entered, a district court may set aside one or both.  Fed. R. Civ.

P. 55(c). The standards for doing so, however, are somewhat different for each. <u>Hornady v. Outokumpu Stainless USA, LLC</u>, 118 F.4th 1367, 1381-83 (11th Cir. 2024) (discussing distinctions between defaults and default judgments).

**A. Setting Aside a Default**

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The burden of demonstrating good cause is on the defaulting party. <u>Afr. Methodist Episcopal Church, Inc. v. Ward</u>, 185 F.3d 1201, 1202 (11th Cir. 1999). ("[A] district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so.") Good cause is a "liberal" standard that is "not susceptible to a precise formula." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted.) Three key factors are: (1) "whether the default was culpable or willful," (2) "whether the defaulting party presents a meritorious defense," and (3) "whether setting [the default] aside would prejudice the adversary." <u>Id.</u> at 951. Courts have also considered whether the public interest was implicated; whether there was significant financial loss to the defaulting party; and whether the defaulting party acted promptly to correct the default. <u>Id.</u>

Defaults are generally disfavored because they go against the "strong preference for deciding cases on the merits." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1332 (11th Cir. 2014). But a default is nonetheless appropriate when "a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings." Compania Interamericana, 88 F.3d at 951-52.

**B. Setting Aside a Default Judgment**

The good cause standard does not apply when relief from a final default judgment is sought. Hornady, 118 F.4th at 1382. Rather, "[t]he court may set aside ... a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides that a district court may grant relief from judgment because of, among other things, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "In order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (citing E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th

Cir. 1990)).  "[A] determination of excusable neglect is an equitable one that necessarily involves consideration of all three elements."  <u>In re Worldwide Web Sys., Inc.</u>, 328 F.3d 1291, 1297 (11th Cir. 2003).

### III.

Defendant submitted the Affidavit of Martin Meador (Meador), defendant's "Chief People Officer," in support of its Motion. (Doc. 18-1).  Defendant relies on the same facts to support its request for relief from both the default and the default Judgment.

**(1)  Adequacy of Affidavit**

The Affidavit does not represent that Meador has any personal knowledge about the merits of the case or its procedural history and fails to state a basis for any of the information it sets forth.  This lack of factual detail can be fatal to such a motion. <u>Sloss Indus. Corp. v. Eurisol</u>, 488 F.3d 922, 935 (11th Cir. 2007); <u>Savoia-McHugh v. Glass</u>, 95 F.4th 1337, 1345 n.12 (11th Cir. 2024). At the very least, it diminishes the weight which may be given to its contents.

**(2)  Lack of Internal Procedural Safeguards**

Defendant is a corporation with over 1,000 employees providing transportation solution services throughout the United States.  (Doc. #18-1, ¶ 2.)  The Affidavit fails to mention any

internal procedures utilized by Hogan to ensure the proper handling of civil complaints filed against it. The Eleventh Circuit has consistently held that a defendant does not have a "good reason" for failing to respond to a complaint where internal procedural safeguards are missing. Sloss Indus. Corp., 488 F.3d at 935 (collecting cases). A lack of diligence has been analogized to a company's failure to establish minimal procedural safeguards. Florida Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 784 (11th Cir. 1993). There is no record evidence in this case that Hogan has any established internal procedures to ensure response to a summons and complaint.

**(3) Meritorious Defenses**

The Complaint (Doc. #1) alleges that plaintiff began her employment with defendant in September 2022, as an operations Manager, and was qualified for the position. Plaintiff performed her assigned duties and received successful performance reviews until she continued to request accommodations for her cancer. Plaintiff alleges that defendant started treating her negatively, demoting her, and threatening her with termination due to her disability. In May 2024, plaintiff made a formal complaint to human resources. Three weeks later, plaintiff was placed on a performance improvement plan. Plaintiff was terminated in June

2024. (Id. at ¶¶ 7-10, 13-15.) Plaintiff received her Notice of Right to Sue letter from the Equal Employment Opportunity Commission (EEOC) on December 23, 2024. (Id. at ¶ 6.) The Complaint asserts disability discrimination and retaliation claims under the ADA.

In the Affidavit, Meador agrees that plaintiff was hired in September 2022 as a PODS operations manager (Doc. #18-1 ¶ 3), but asserts she failed to perform her duties (Id. at ¶ 4). Meador asserts that plaintiff transitioned to a different position in September 2023 but continued to struggle to perform those duties and displayed unprofessional and disrespectful behavior towards superiors. (Id. at ¶¶ 5-6.) Plaintiff failed to improve and was therefore placed on a Performance Improvement Plan (PIP). (Id. at ¶¶ 7-8.) Plaintiff resisted Hogan's efforts and hung up on her supervisors during a weekly review; her employment was terminated in June 2024. (Id. at ¶¶ 9-10.) Meador asserts that plaintiff never requested any accommodation or made any complaints based on any mental or physical impairment during her employment, and that while plaintiff sometimes responded to counseling sessions with "oh it must be chemo brain," she declined to engage in dialogue when asked if she required an accommodation. (Id. at ¶¶ 11-12.)

Based on the Affidavit, defendant identifies five "meritorious defenses" that may affect the outcome of the case. (Doc. #18, p. 5.)  Plaintiff responds that most of the asserted defenses are "merely general denials that do not constitute meritorious defenses under Eleventh Circuit law" and that "an affirmative showing of a defense that is likely to be successful" is required.  (Doc. #20, p. 4.)  Plaintiff also argues that the five asserted defenses are simply "conclusory statements [which] do not cut the mustard."  (Id.)

To obtain relief under 60(b), a party must demonstrate a defense that "probably would have been successful" and cannot satisfy this burden by simply asserting a general denial to a claim. Rather, it must make an affirmative showing of a defense that is likely to be successful "in addition to showing excusable neglect."  Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986); In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1296-97 (11th Cir. 2003).  As noted earlier, the Affidavit does not make any assertion as to Meador's source of knowledge about anything in the Affidavit.  The Affidavit provides not even a hint of the factual basis for its assertions and is insufficient to support a showing of a meritorious defense.  The Court finds that this factor does not

weigh in favor of granting relief from the default and the judgment.

**(4)  Reasons For Non-Response to Summons and Complaint**

Defendant argues that because of its focus on the EEOC right to sue letter, it "inadvertently failed to engage outside counsel to respond to the Complaint in a timely manner."  (Doc. #18, p. 3.)  See also id. at 6 ("Hogan inadvertently neglected to engage outside counsel to respond to the Complaint.")  Hogan also argues that "the EEOC Notice was never served on Hogan" and "[h]ad Hogan been properly notified of an EEOC action, it would have sought to defend itself with the many meritorious defenses outlined above." (Id. at 6.)  Finally, Hogan argues that it was not served with other filings in the case, implying that such service would have prompted it to retain counsel, as did service of the Motion for Fees.  (Id.)  None of these reasons are sufficient.

The Affidavit concedes that defendant received a copy of the Complaint and Summons from the registered agent on or about June 6, 2025. (Doc. #18-1 at ¶ 13.)  Attached to the Complaint was an EEOC Determination and Notice of Rights, and defendant states it "focused its inquiry" on this EEOC Notice.  (Id. at ¶ 14.)  The EEOC Notice "caused confusion because Hogan was never notified of any action by Jones with the EEOC and never received a copy of the

EEOC Notice." (Id. at ¶ 15.) The EEOC Notice appeared to have been sent to a part-time employee who had no authority to receive service on Hogan's behalf. (Id. at ¶ 16.) Hogan began an internal investigation of the EEOC Notice and determined the employee had never received a copy of the EEOC Notice. (Id. at ¶¶ 17-18.)

None of these assertions justify failing to respond to the Complaint. The EEOC Notice advised defendant that the administrative proceeding was over, and plaintiff was authorized to file suit. The Summons told defendant that plaintiff had indeed filed suit, that defendant was obligated to file a response within a certain time-period, and of the consequences of not filing a response. None of the asserted defenses were relevant to the closed EEOC proceeding since the administrative matter was over. While defendant may choose to go down a rabbit-hole, that choice cannot reasonably justify failure to take any action with regards to the matter defendant knew was active and required a response.

Defendant's attempt to blame the failure to serve Hogan with the Motion for Clerk's Default and Motion for Default Judgment is also without merit. Hogan argues that service of such motions on its registered agent would have caused Hogan to "realize[] its mistake and immediately engage[] counsel to respond." (Doc. #18, p. 3.) Defendant asserts that it was not until on or about October

21, 2025, that it received notice from its registered agent that the Attorney Fees motion had been filed (id.), which prompted Hogan to obtain counsel.

The record establishes that the Motion for Entry of Clerk's Default (Doc. #9) was not served on any party or counsel, but the Motion for Final Default Judgment (Doc. #11) was served on the registered agent by U.S. Mail on or about August 7, 2025 (Id. at 14). But no service was required on Hogan because it was "in default for failing to appear." Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."). See also Savoia-McHugh, 95 F.4th at 1343 n.9; Campbell v. Bennett, 47 F.4th 1362, 1366 (11th Cir. 2022). The authorized failure to serve Hogan with these post-default documents did not contribute to Hogan's failure to respond to the Complaint.

A party's excuse that he is "confus[ed]" about his responsibility to respond to litigation does not satisfy "good cause." See, e.g., E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 529 (11th Cir. 1990) (noting "no meaningful justification for engaging in the dilatory conduct"). Similarly, a misunderstanding that defendant did not "'understand or appreciate' any action was required" "is simply not enough." Savoia-McHugh, 95 F.4th at 1344-45. Further, the language of the

summons requiring a response and containing a warning of the consequence of not responding weighs against a finding of good cause. Id.

(5) **Prejudice**

Defendant argues that vacating the default judgment would do no harm because plaintiff would retain her ability to proceed with her original intent to prosecute her claim and her ability to do so would remain the same. (Doc. #18, p. 6.) Plaintiff asserts there is ample prejudice.

On September 4, 2025, Judgment (Doc. #13) was entered in favor of plaintiff providing back pay damages totaling $68,348.55 and front pay damages totaling $34,999.90. Plaintiff will be prejudiced by having that judgment taken away because defendant failed to respond to the Complaint. Plaintiff has obtained what she originally intended, which was not the privilege of litigating, but a judgment for monetary damages to compensate the harm inflicted by defendant. Further, plaintiff will be prejudiced by incurring additional expenses in connection with the litigation. Savoia-McHugh, 95 F.4th at 1345.

No other factor weighs in favor of granting the motion. Defendant has shown neither good cause to set aside the default, nor a basis under Rule 60(b) to set aside the judgment.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion for Relief From Default Judgment (Doc. #18) is **DENIED.** The case remains closed.

2. Defendant may file a response to the pending motion for attorney's fees and costs within **SEVEN (7) DAYS** of this Opinion and Order. If no response is filed, the Court will issue a ruling.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of November 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 14 -